943 So.2d 1165 (2006)
In the Matter of the SUCCESSION OF NARCISSA WALTERS.
No. 2005 CA 2252.
Court of Appeal of Louisiana, First Circuit.
September 15, 2006.
*1166 E. Wade Shows, Sheri M. Morris, Baton Rouge, Counsel for Plaintiff/Appellee Testamentary Executor, Eugene R. Groves.
Charles S. McCowan, Jr., Carey J. Messina, Lana D. Crump, G. Trippe Hawthorne, Baton Rouge, Counsel for Defendant/Appellant James P. Woods.
Before: CARTER, C.J., GUIDRY and GAIDRY, JJ.
GAIDRY, J.
This suit involves a dispute over a will in which the testator named her attorney, who was also her second cousin, as executor and residuary legatee and also made testamentary legacies to him and his three children. For the following reasons, we affirm the judgment of the trial court.

FACTS AND PROCEDURAL HISTORY
Narcissa Walters executed a Last Will and Testament on November 7, 1994. In this will, she made a number of testamentary legacies, including legacies to Eugene R. Groves and his three children. She named Mr. Groves, who was also her attorney and second cousin, as testamentary executor and residuary legatee and asked him to "consider distributing certain assets in accordance with our discussions."
After Ms. Walters's death on March 29, 2000, Mr. Groves filed a petition to have the 1994 will filed and executed. Mr. Groves was confirmed as testamentary executor, without bond. After all particular legacies and inheritance taxes were paid, a judgment of possession was signed by the court on July 19, 2000, ordering payment of $34,500.00 to Mr. Groves for his services as executor, recognizing Mr. Groves as the general and universal legatee of Ms. Walters, and sending Mr. Groves into possession of all remaining property of Ms. Walters's estate.
On March 23, 2005, Mr. Groves filed a petition to reopen the succession because one of the legatees, Lucia Wood, had neither deposited the check for her legacy, nor executed the receipt for the legacy, prior to her death. Ms. Wood apparently believed that the legacies to Mr. Groves and his children were null and that she was entitled to inherit the property bequeathed in those legacies under the laws of intestacy. The succession was reopened, and Mr. Groves was reappointed to serve as testamentary executor, without bond. Mr. Groves then filed a rule to show cause why the testamentary legacies made to him and his children should not be declared valid. James Wood, Lucia Wood's son, was substituted for his deceased mother in the proceeding. At the hearing on the rule, the parties introduced Mr. Groves's deposition and a stipulation of facts in lieu of live testimony. After considering the evidence and oral arguments by counsel, the trial court ruled that the bequests were valid, and this appeal followed.
Mr. Wood alleges on appeal that the trial court erred in failing to declare Ms. Walters's bequests to Eugene Groves and his children null and void. Mr. Wood argues *1167 that the bequests should have been declared null and void on the grounds that the preparation of the will by Mr. Groves or a member of his firm created a conflict of interest in violation of the Louisiana Rules of Professional Conduct and because Mr. Groves's status as attorney-in-fact for Ms. Walters, drafter of her will (actual or imputed), executor of the will, attorney for the succession, and residual legatee of her estate, created a conflict of interest for Mr. Groves in light of the testamentary provision requesting that Mr. Groves consider distributing certain assets not named in the will out of his residual legacy. Finally, Mr. Wood alleges that the trial court erred in failing to admit into evidence certain proffered exhibits as impeachment evidence to Mr. Groves's sworn testimony. Mr. Groves answered the appeal, requesting damages for Mr. Woods's allegedly frivolous appeal.[1]

DISCUSSION
At the time Ms. Walters's will was drafted, the Louisiana Rules of Professional Conduct, Rule 1.8, governing conflicts of interest and prohibited transactions, provided that an attorney "shall not prepare an instrument giving the lawyer or a person related to the lawyer as parent, child, sibling, or spouse any substantial gift from a client, including a testamentary gift, except where the client is related to the donee."[2] Rule 1.8(c) (emphasis added). Additionally, in a situation where an attorney was prohibited by Rule 1.8(c) from representing a client, former Rule 1.10(a) prohibited any other attorney in his firm from knowingly representing that client.
The issue in this case, then, is whether Ms. Walters (the client) is "related" to Mr. Groves and his children (the donees) for purposes of Rule 1.8(c). If they are not "related," then this transaction is prohibited due to a conflict of interest, regardless of whether it was Mr. Groves or a member of his firm who assisted Ms. Walters in the preparation of her will. "Related" is not defined in the statute as it refers to the relationship between the client and the donee. Mr. Wood argues that we should limit the definition of "related" for purposes of this exception to "parent, child, sibling, or spouse" because anyone is "related" if you trace their ancestry far enough back, and so failing to limit it in this way would lead to absurd consequences.
The trial court held that Mr. Groves was "related" to Ms. Walters for purposes of Rule 1.8(c). In making this decision, the trial court consulted numerous sources and ultimately relied on Black's Law Dictionary and the Webster's Dictionary. Although both sides offered authority supporting their definition of the term, the court did not find the authority to be particularly persuasive or on point. Black's Law Dictionary's definition of "relative" includes anyone connected to another by blood or affinity. Black's Law Dictionary 1158 (5th ed.1979). Webster's II New College Dictionary, 935 (1995) defines "related" as "[c]onnected by kinship, marriage, or common origin." The trial court also declined Mr. Woods's request to apply the 2004 amendment to Rule 1.8(c) retroactively, stating that he believed this to be a substantive, not merely interpretive, amendment. Since Mr. Groves was related to Ms. Walters, the court found *1168 that there was no conflict of interest and the testamentary bequests were valid.
We agree with the trial court's interpretation. Since there was no definition contained in the statute at the time the will was drafted, the logical interpretation to be applied to Rule 1.8(c) is that the exception includes those "related" by blood or marriage. Mr. Groves's relationship to Ms. Walters as a second cousin qualifies under this definition.
Mr. Woods also argues that Mr. Groves violated Rule 1.7(b) of the Rules of Professional Conduct, which provided in part:
A lawyer shall not represent a client if the representation of that client may be materially limited by . . . the lawyer's own interests, unless:
(1) The lawyer reasonably believes the representation will not be adversely affected; and
(2) The client consents after consultation.
Mr. Woods claims that Mr. Groves (or a member of his firm) should not have represented Ms. Walters in the preparation of her will because that representation was materially limited by Mr. Groves's own interests. Specifically, Mr. Woods claimed that the provision of the will requesting that Mr. Groves, as residuary legatee, consider distributing certain unnamed assets in accordance with his discussions with Ms. Walters created a conflict of interest because those distributions would come out of his legacy. The trial court did not find this provision sufficient to create a conflict of interest so as to violate Rule 1.7(b) or invalidate the testament. While the trial court acknowledged, and we agree, that it would have been preferable for Mr. Groves to have gotten outside counsel to prepare the will, Mr. Groves's deposition testimony reveals that he made every effort to convince Ms. Walters to obtain outside counsel, and she refused to do so. Although Ms. Walters eventually agreed to allow another lawyer from Mr. Groves's firm to prepare the will, she would not even allow him into her home so that she could sign the will unless he was accompanied by Mr. Groves. We agree with the trial court that naming Mr. Groves as residuary legatee, while asking him to consider making certain disbursements out of his legacy, does not create such a conflict of interest as to materially limit him in his representation of Ms. Walters.
Finally, Mr. Woods alleges that the trial court erred in refusing to admit certain exhibits as impeachment evidence to Mr. Groves's sworn testimony. Prior to the hearing on the rule to show cause in this case, the parties agreed to offer Mr. Groves's deposition and a stipulation of facts in lieu of live testimony. At the hearing, after these two exhibits were admitted into evidence, Mr. Woods's counsel attempted to offer additional exhibits in an effort to impeach Mr. Groves's deposition testimony. The trial court found that these exhibits were not relevant and refused to allow these exhibits to be admitted into evidence, and Mr. Woods's counsel made a proffer.
Generally, all relevant evidence is admissible. La. C.E. art. 402. Relevant evidence is evidence having any tendency to make the existence of any fact that is of consequence to a determination of the action more or less probable than it would be without the evidence. La. C.E. art. 401. Whether evidence is relevant is within the discretion of the trial judge, and his ruling will not be disturbed on appeal in the absence of a clear abuse of his discretion. Belle Pass Terminal, Inc. v. Jolin, Inc., 92-1544 (La.App. 1 Cir. 3/11/94), 634 So.2d 466, 476-477, writ denied, 94-0906 (La.6/17/94), 638 So.2d 1094. The evidence *1169 proffered consisted of a letter from Mr. Groves's files and several suit records that were unrelated to this case. None of these had any relevance to the definition of "related" under Rule 1.8(c) or whether Mr. Groves's representation of Ms. Walters was materially limited by his own interests. The trial court did not abuse its discretion in excluding these documents.

CONCLUSION
The trial court judgment appealed from is affirmed. Costs of this appeal are assessed to James Wood.
AFFIRMED.
GUIDRY, J., concurs.
NOTES
[1] Mr. Groves later dismissed his answer to the appeal seeking damages for a frivolous appeal.
[2] Rule 1.8(c) was later amended to define "related" as: "a spouse, child, grandchild, parent, or grandparent."